IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
**District of Columbia Circuit**

| | | |
|---|---|---|
| **PAUL and BEATRICE GAMES** | ) | |
| **C/O MICHELLE YOUNG** | ) | |
| **407 CEDAR LANE** | ) | |
| **ROCKVILLE, MD 20851** | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO:** _____ |
| | ) | |
| **LOU ANN HINISH,** | ) | |
| **2695 COVALT RD** | ) | |
| **BIG COVE TANNERY, PA 17212** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO CONFIRM ARBITRATION AWARD

Paul and Beatrice Games ("Games"), hereby move this court to confirm an arbitration award in their favor and against Lou Ann Hinish, entered by the National Association of Securities Dealers ("NASD") (n/k/a the Financial Industry Regulatory Authority or "FINRA") in the matter of Paul Games and Alice Beatrice Games v. M&T Securities, Inc., M&T Investment Group, Paul Fantaskey, Lou Ann Hinish, and John K. Beard, NASD-DR No. 06-04876 (the "Arbitration") in the amount of $250,000. A memorandum of points and authorities in support is filed herewith.

Respectfully submitted,

KUTAK ROCK, LLP

By: _____ .

    Gilbert W. Boyce
    DC Bar No. 416779
    1101 Connecticut Avenue, N.W.
    Suite 1000
    Washington, D.C.  20036
    (202) 828-2400
    (202) 828-2488 (fax)

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
**District of Columbia Circuit**

| | |
|---|---|
| **PAUL and BEATRICE GAMES**<br>**C/O MICHELLE YOUNG**<br>**407 CEDAR LANE**<br>**ROCKVILLE, MD 20851**<br><br>                    **Plaintiffs,**<br><br><br>          **v.**<br><br>**LOU ANN HINISH,**<br>**2695 COVALT RD**<br>**BIG COVE TANNERY, PA 17212**<br><br><br>                    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **CIVIL ACTION NO:** _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
## OF PETITION TO CONFIRM ARBITRATION AWARD

Paul and Beatrice Games hereby submit the following Memorandum of Points and

Authorities in Support of Petition to Confirm Arbitration Award and and state the following:

### I.     STATEMENT OF JURISDICTION

1.     Plaintiffs are a married couple living in an assisted living facility.  This case

arrives from the sale of unsuitable investments to Plaintiffs in violation of the federal securities

laws as well as various rules of the National Association of Securities Dealers ("NASD") (n/k/a

the Financial Industry Regulatory Authority or "FINRA") and New York Stock Exchange

("NYSE").

2.     Lou Ann Hinish ("Hinish") was or held herself out to be a registered representative who was associated with M&T Securities, Inc. ("M&T"), a broker-dealer registered with the NASD (n/k/a FINRA).

3.     Jurisdiction in this court exists pursuant to 28 U.S.C. § 1332.

4.     Venue arises from 28 U.S.C. § 1391(a)(1).

## II.     STATEMENT OF FACTS

5.     On or about April 6, 2001, Plaintiffs opened a brokerage account with M&T.  At the time, Paul Games was 71 and his wife was 79.  Both were already in failing mental and physical health.  In connection with the opening of the account, Plaintiffs signed a New Account Application.  A copy of the M&T New Brokerage Account Application is attached as **Exhibit 1**.

6.     The Plaintiff's New Account Application contains a Pre-Dispute Arbitration Agreement which provides, in part, that:

> Arbitration is final and binding on the parties.

> The parties are waiving their right to seek remedies in court, including the right to jury trial.

> Pre-arbitration discovery is generally more limited than and different from court proceedings.

> The arbitrator's award is not required to include factual findings or legal reasoning and any parties right to appeal or to seek modifications of rulings by the arbitrators is strictly limited.

> I agree that all controversies that may arise between us … shall be determined by arbitration before a panel of independent arbitrators set up by either the New York Stock Exchange, Inc., or National Association of Securities Dealers, Inc., as I [the customer] may designate.

> I understand that judgment upon any arbitration award may be entered in any court of competent jurisdiction.

> *See* **Exhibit 1.**

7.    At the time of the first investment at issue in this case, Plaintiffs were well into their retirement, had severe medical problems, and required ready access to large amounts of cash.

8.    Plaintiffs had liquid assets which could be sold and thereafter used for their support and increasing medical expenses, without any fees, charges or penalties.  Rather than manage their assets in a prudent manner, which was consistent with their investment objectives, Hinish recommended and orchestrated several fraudulent transactions.

9.    On or about January 10, 2003, M&T, through Hinish, sold Plaintiffs a flexible premium deferred annuity issued by Glenbrook Life.  The initial premium was $50,000.00.

10.    Although M&T's New Account Application for Plaintiffs stated that the Plaintiffs' time horizon for investments was "intermediate, 6-10 [years]," the Glenbrook annuity had an issue date of January 21, 2003, and a payout start date of February 21, 2020 (17 years), well beyond the time horizon set forth in the New Account Application.

11.    The Glenbrook annuity contained surrender/withdrawal penalties for withdrawals above the penalty-free amount.  The withdrawal fees for this annuity were as high as 9% for the first year.

12.    On or about January 10, 2003 M&T, through Hinish, sold Plaintiffs an Allianz Life, Ideal Index 75 Annuity.  The premium for this annuity was $100,000.00.  The issue date of this annuity was January 13, 2003 and the payout date was January 13, 2013.

13.    Unlike the prior annuities sold to Plaintiffs, the Allianz annuity was an equity index annuity, which is more risky than the previous annuities recommended by M&T.  Equity index annuities have characteristics of both fixed and variable annuities.  Their return varies more than a fixed annuity, but not as much as a variable annuity.  Accordingly, equity index

annuities give an individual more risk (but more potential return) than a fixed annuity. Equity index annuities offer a minimum guaranteed interest rate combined with an interest rate linked to a market index.

14.     Despite the fact that regulators such as the NASD caution investors/potential investors about the risky nature of equity index annuities, M&T and Hinish represented to Plaintiffs that this investment was "safe" and that it met their stated needs and financial objectives.

15.     On or about February 13, 2003, M&T, through Hinish, sold Plaintiffs a Conseco Eagle Classic Equity Index Annuity, with an initial premium of $158,778.00. Like the Allianz annuity, the Conseco annuity was a risky equity index annuity. Again, with this sale, Hinish represented to Plaintiffs that this investment was "safe" and that it met their stated needs and financial objectives.

16.     Although Hinish and M&T understood from Plaintiffs' New Account Application that their time horizon was 6-10 years, the start date of the annuity was March 10, 2003 and the maturity date was February 21, 2016 (13 years), more than ten years after inception of the annuity contract. At maturity, Paul Games would be 86; Alice Games would be 94.

17.     Prior to 2003, the Plaintiffs had invested in a variety of mutual funds. Said funds were diverse and held through a number of firms. On or about February 27, 2003, Hinish, knowing Plaintiffs' medical problems and diminished mental capacity, compounded M&T's fraudulent self-serving conduct and coerced Plaintiffs to liquidate their mutual fund holdings and use the proceeds to make additional investments in the previously purchased unsuitable annuities.

18.    Additionally, Hinish, along with others, coerced Plaintiffs to go into their safe deposit box, obtain their Proctor and Gamble stock certificates, liquidate approximately 14,000 shares of the same (valued at almost two million dollars), and invest the proceeds in the previously purchased unsuitable annuities.

19.    On November 3, 2006 Plaintiffs filed a Statement of Claim with the NASD (n/k/a FINRA), Paul Games and Alice Beatrice Games v. M&T Securities, Inc., M&T Investment Group, Paul Fantaskey, Lou Ann Hinish, and John K. Beard, NASD-DR No. 06-04876, requesting an award for actual damages and rescission together with benefit of bargain damages, lost opportunity costs, model portfolio damages, prejudgment interest, attorneys' fees, costs, punitive damages, and such other relief deemed proper and necessary.

20.    On January 19, 2007, Respondents M&T, John Beard and Paul Fantasky filed an Answer with the NASD.

21.    On July 12, 2007, prior to the commencement of the scheduled arbitration hearing, Plaintiffs, M&T, John Beard, and Paul Fantaskey agreed to settle Plaintiffs' claims.

22.    Hinish never filed an Answer.

23.    Hinish failed to appear at the arbitration hearing.

24.    After considering the evidence presented at the hearing, the arbitration Panel awarded Plaintiffs $250,000 in compensatory damages against Hinish. Hinish was also assessed forum fees totaling $2,850. A copy of the Award is attached as **Exhibit 2**.

### III.    ARGUMENT

This matter is straightforward and the relief sought, the confirmation of an arbitration award, should be summarily granted by this court. There is a strong federal policy in favor of voluntary commercial arbitration. See 9 U.S.C. § 1, et. seq, Federal Arbitration Act ("FAA").

Moreover, courts routinely enter judgment on NASD arbitration awards. Section 9 of the FAA states that a "judgment of the court shall be entered upon the award pursuant to the arbitration." 9 U.S.C. § 9. "'A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated or modified in accordance with the Federal Arbitration Act.'" Adkins v. Teseo, 180 F.Supp.2d 15, 18 (D.C. 2001) (citing Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986)).

The law is well-settled that judicial review of arbitration awards is extremely narrow. "[F]ederal courts have recognized a strong federal policy in favor of voluntary commercial arbitration as embodied in the [Federal Arbitration] Act." Revere Copper & Brass, Inc. v. Overseas Private Inv. Corp., 628 F.2d 81, 83, 84 (D.C. Cir.) cert. denied, 446 U.S. 983 (1980).

"If parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration ... any party to the arbitration may apply ... for an order confirming the award." Adkins, 180 F.Supp.2d at 17. If the parties have not specified a court, then an application for confirmation may be made in the United States court in the district within which the arbitration award was made. Id. Such application must be filed anytime within one year after the award is made. Id.

As stated above, when Plaintiffs opened their account with M&T, the parties agreed to arbitration before their choice of either an NYSE or NASD arbitration panel. Hinish, as an employee of M&T, is bound by the arbitration agreement. The arbitration agreement also states that "... judgment upon any arbitration award may be entered in any court of competent jurisdiction." The arbitration took place in the District of Columbia and the award was made on July 25, 2007.

## IV.    CONCLUSION

For the foregoing reasons and any other that may appear just and appropriate, Plaintiffs respectfully request that their request for confirmation of arbitration award be granted and that an order of judgment in their favor and against Respondent Hinish be entered in the amount of $250,000.00, plus post judgment interest.

Respectfully submitted,

KUTAK ROCK, LLP

By: _____
Gilbert W. Boyce
DC Bar No. 416779
1101 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C.  20036
(202) 828-2400
(202) 828-2488 (fax)

Of Counsel:

Joseph A. Ingrisano
Jennifer M. Blunt
1101 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C.  20036
(202) 828-2400

# Exhibit 1

Jeff *ilot

# ▲▲ M&T Securities, Inc.

38403380
ANA

## New Brokerage Account Application

FULL NAME

(Custodian)
Name PAUL A GAMES

Social Security No. or U.S. Tax ID No. 255263602

Date of Birth 02/23/1930

(Minor)
Joint Tenant (if any) A. BEATRICE GAMES

Social Security No. or U.S. Tax ID No. 169282676

Date of Birth 01/23/1922

---

If this is a joint account, it is the express intention of the undersigned that ownership of this account be vested in them as (check one):

☒ **Joint tenants** with rights of survivorship and not as tenants in common or as tenants by the entirety. In the event of the death of either or any of the undersigned, the entire interest in the Joint Account shall be vested in the survivor or survivors on the same terms and conditions as theretofore held, without in any manner releasing the undersigned or their estates from the liability provided for in this Agreement.

☐ **Tenants in common.** In the event of the death of either or any of the undersigned, the interests in the tenancy shall be equal unless otherwise specified immediately below.

If interests are not to be equal, designate the percentage interest of each tenant.

Name _____    Name _____    Name _____

* If you do not choose, the account will be registered as Joint Tenants with Rights of Survivorship.

---

**Please indicate your investment objectives:**

☒ Preservation of Capital (01)   ☐ Income (02)   ☐ Capital Appreciation/Growth (03)   ☐ Speculation (04)
☐ Trading Profits (05)   ☐ Other (06) (please specify) _____

Risk Tolerance: ☐ Conservative   ☒ Moderate   ☐ Aggressive   ☐ Combination _____

Specific Investment Knowledge:  ☒ Stocks 5 ____   ☒ Bonds 5 ____   ☐ Mutual Funds ____
☐ Options ____   ☐ Variable Contracts ____
☐ Limited Partnerships ____

Time Horizon:  ☐ Short (0-5)   ☒ Intermediate (6-10)   ☐ Long (over 10 years)   ☐ Combination ____

Registration  ☐ Individual   ☒ Joint   ☐ Custodian   ☐ Estate (supply estate papers)
☐ Trust (additional papers are required)
☐ Other (please specify) _____

**Type of Account**  ☒ Cash   ☐ Margin (Margin agreement must be completed.)   ☐ Option (Option agreement must be completed.)

---

CUSTOMER
Address.  Mailing Address Number / Street ___465 ROCK RD___
City STATE COLLEGE    State / Zip PA 16801-8435
*(If using a P.O. Box must indicate your legal street address below)
*Number / Street _____
City _____    State / Zip _____
Daytime ( ) (814)237-1365 ____ Evening ( ) ()- _____
☒ U.S.   ☐ Resident Alien   ☐ Non-Resident Alien
If Non-Resident Alien, indicate Country _____   & Passport No. _____
Employer RETIRED
Type of Business UNIVERSITY ____   Position / Title PROFESSOR
Number / Street _____    State / Zip _____
City _____
If you are not currently employed, please provide the amount and source of your annual income here:
Amount _____    Source _____
Name of Bank M&T    Account No. 50090705
Branch / City COLLEGE AVE STATE COLLEGE    State / Zip PA 16801

---

For internal use only X _____    Account Number _____

_____
Approval Office Manager    Date

_____
Registered Rep    Date

3840 3380
ANA

**JOINT TENANT**

**Address**        Mailing Address Number / Street  465 ROCK ROAD
           City STATE COLLEGE                                State / Zip  PA  16801
           *(If using a P.O. Box must indicate your legal street address below)

**Legal Address** Number / Street
           City                                              State / Zip

**Telephone Numbers** Daytime ( ) (814)237-1365      Evening ( ) (814)237-1365

**Citizenship**   ☐ U.S.  ☐ Resident Alien  ☐ Non-Resident Alien
           If Non-Resident Alien, Indicate Country _____  & Passport No. _____

**Employment**   Employer  N/A
           Type of Business  N/A                          Position / Title  HOUSEWIFE
           Number / Street  465 ROCK ROAD
           City  STATE COLLEGE                             State / Zip  PA  16801
           If you are not currently employed, please provide the amount and source of your annual income here:
           Amount _____   Source _____

**Bank Reference**
           Name of Bank _____  Account No. _____
           Branch / City _____  State / Zip _____

---

**Annual Income**  Approximate annual income from all sources: (For joint account check your combined income.)
           ☐ Under $25,000  ☐ $25,000-$50,000  ☒ $50,000-$100,000  ☐ Over $100,000
           Please state amount $_____
**Estimated Net Worth:**  ☐ Under $50,000  ☐ $50,000-$100,000  ☐ $100,000-$500,000
           ☐ Over $500,000  Please state amount $ 309,542.0
**Investable Assets:**  ☒ Under $50,000  ☐ $50,000-$100,000  ☐ $100,000-$500,000
           (including cash and securities) ☐ Over $500,000  Please state amount $ 5.00
**Tax Bracket**  ☐ 15%  ☐ 28%  ☒ 31%  ☐ 36%  ☐ 39.6%
**Personal**   **Marital Status:**  ☐ Single  ☒ Married
**Information**  Number of Dependents 0      Date of Birth ____ / ____ / ____  Age ____

---

**Affiliations and**  ☐ I am affiliated with, or work for a stock exchange or a member firm of an exchange or the NASD
**Acknowledgments**
           _____
           (Please indicate name of firm)

           I am a ☐ director, ☐ 10% shareholder, ☐ policymaking executive officer of a publicly traded company
           (If so, provide name of company)
           If you have checked any of the above, please supply account number(s) of other accounts you have with us.
           _____
           _____

---

**Power of Attorney**  Have you granted trading authorization to someone other than the account owner(s)? ☒ Yes ☐ No
           If so, please attach the trading authorization unless you have previously provided it to us.
           Please indicate the relationship between you and your agent (e.g., investment adviser, family
           member, trustee, etc.) _____

---

**Account Service**  **Purchases**            **Sales**                       **Dividends and Interest**
**Instructions**     ☒ Hold Securities        ☒ Hold proceeds in brokerage account  ☐ Pay all dividends and interest
                   ☐ Send me certificates    ☐ Send me proceeds                      in cash and send me a monthly
                                            ☐ Sweep proceeds into Daily Money         check
                                              Fund                                 ☒ Pay all dividends and interest
                                            (Please fill out the Trade Settlement      in cash and reinvest all of my
                                            Authorization Section which follows.)     mutual fund dividends

                                                                                ☐ Pay all my dividends and
                                                                                  interest in cash and hold them
                                                                                  in my account

ANA

**Convenient Payment for Your Purchases**

Automatic Trade Settlement Authorization  3840 3380

Complete this section if you wish to link your brokerage account with one of the following Money Market Fund Accounts

(please check one)

☐ VISION MONEY MARKET (VSMXX)

☐ VISION TREASURY MONEY MARKET (VSTXX)

Please be sure that you have read the fund prospectus for the fund of your choice. Please read the Settlement Sweep section of the Customer Agreement for more information.

## Notice to Carrier/Vendor

This is to advise you that I (we) have instructed M&T Securities Inc. to establish, in my (our) behalf, and as my (our) agent an account with you. I (we) have appointed M&T Securities Inc. as my (our) exclusive agent to act for and on my (our) behalf with respect to all matters regarding my (our) account with you, including but not limited to the placing of securities purchase and sale orders and delivery of margin and option instructions if authorized, for my (our) account. I (we) acknowledge that no fiduciary relationship exists. You shall look solely to M&T Securities Inc.and not me (us) with respect to such orders or instructions; and you are hereby instructed to deliver confirmations, statements, and all written or other notices including margin maintenance calls, if applicable, with respects to my (our) account to M&T Securities Inc. Any such communications delivered to M&T Securities Inc. shall be deemed to have been delivered to me (us). I (we) agree to hold you harmless from and against any losses, costs or expenses arising in connection with the delivery or receipt of any such communication(s), provided you have acted in accordance with the above. The foregoing shall be effective as to my (our) account until written notice to the contrary is received by you and M&T Securities Inc.

**Please Read the Customer Agreement And Sign Your Name**

## To M&T Securities, Inc.

I am at least 18 years of age and am of full legal age in the state in which I reside. In consideration of your accepting one or more accounts, I hereby acknowledge that I have read, understood and agreed to the terms set forth in the Customer Agreement herein. I understand that M&T Securities Inc.will disclose my name to issuers of securities if securities are held in my account so that I can receive important information unless I do not consent to disclosure and I will notify M&T Securities Inc. if I do not consent. I certify under penalties of perjury (1) that the Social Security or Taxpayer Identification Number provided above is correct, and (2) that the IRS has never notified me that I am subject to backup withholding, or has notified me that I am no longer subject to such backup withholding. (Note: if part (2) is not true, please strike out that part before signing.) I understand that telephone calls to M&T Securities Inc. may be recorded and I hereby consent to such recording. Reports of executions of orders and statements of my account shall be conclusive if not objected to in writing within five (5) days and ten (10) days respectively, after transmitted to me by mail or otherwise.

I REPRESENT THAT I HAVE READ THE TERMS AND CONDITIONS GOVERNING THIS ACCOUNT AND AGREE TO BE BOUND BY SUCH TERMS AND CONDITIONS AS CURRENTLY IN EFFECT AND AS MAY BE AMENDED FROM TIME TO TIME. THIS ACCOUNT IS GOVERNED BY A PRE-DISPUTE ARBITRATION AGREEMENT WHICH APPEARS ON PAGE 5. I ACKNOWLEDGE RECEIPT OF THE PRE-DISPUTE ARBITRATION AGREEMENT.  INCLUDED IN THIS AGREEMENT ARE THE M&T PRIVACY POLICY DISCLOSURE AND INTERAGENCY STATEMENT.  I ACKNOWLEDGE RECEIPT OF THE M&T PRIVACY POLICY DISCLOSURE AND INTERAGENCY STATEMENT.

| | |
|---|---|
| X _Paul C. James_  4/6/81 | X _A. Beatrice James_  4/6/ |
| Signature / Date | Signature of Joint Tenant (if any) / Date |
| _____ | _____ |
| Joint Account Holders (if any) / Date | Joint Account Holders (if any) / Date |

MEMBER SIPC

ANA

**Customer Agreement**

28403380

TO: M&T Securities, Inc.

1. **Nature of Services Provided.** I understand that all information supplied by the undersigned is true and subject to verification, and that the information on this application is correct.

2. **Applicable Rules and Regulations.** All transactions through you are subject to the constitution, rules, regulations, customs and usages of the exchange or market (and its clearing house, if any) where executed as well as to any applicable federal or state laws, rules and regulations.

3. **Payment Upon Demand.** The undersigned shall at all times be liable for the payment upon demand of any debit balance or other obligations owing in any of the accounts of the undersigned, and the undersigned shall be liable to you for any deficiency remaining in any such accounts in the event of the liquidation thereof, in whole or in part, by you or by the undersigned; and the undersigned shall make payment of such obligations and indebtedness upon demand. All transactions in any of my accounts are to be paid for or securities delivered no later than 2:00 p.m. Eastern Standard Time on the settlement date. I (we) agree that if after demand I (we) fail to pay the indebtedness, you may close my (our) account and liquidate the assets in my (our) account in an amount sufficient to pay my (our) indebtedness.

4. **Liability for Costs of Collection.** The reasonable costs and expenses of collection of the debit balance or any unpaid deficiency in the account of the undersigned including, but not limited to, attorneys fees, incurred and payable or paid by you shall be reimbursed by the undersigned.

5. **Presumption of Receipt of Communications.** Communications may be sent to the undersigned at the address of the undersigned or at such other address as the undersigned may hereafter give you in writing, and all communications so sent, whether by mail, telegraph, messenger or otherwise, shall be deemed given to the undersigned personally, whether actually received or not. Reports of executions or orders and statements of my account shall be conclusive if not objected to in writing within five (5) days and ten (10) days respectively, after transmitted to me by mail or otherwise.

6. **Affiliations.** I (we) will not buy or sell any securities of a corporation which I (we) am (are) an affiliate or sell any restricted securities except in compliance with applicable laws and regulations and upon notice to you that the securities are restricted.

7. **Extraordinary Events.** You shall not be liable for loss caused directly or indirectly by war, natural disasters, government restrictions, exchange or market rulings or other conditions beyond your control, including but not limited to extreme market volatility or trading volumes.

8. **Settlement Sweep.** For securities sold or purchased through you and any resulting debit or credit balances, I (we) hereby authorize you to automatically settle all transactions through the Money Market Fund designated on page 3 of this application.

9. **Credit Information.** You may exchange credit information about me (us) with others. You may request a credit report on me (us) and, if I (we) ask, you will tell me (us) the name and address of the consumer reporting agency that furnished it.

10. **Joint Accounts.** If this is a joint account, "I" refers to all account holders, and each of the account holders jointly and severally agrees that any account holder has authority on behalf of the joint account to:
    - buy, sell (including short sales) and otherwise deal in stocks, bonds, options, and other eligible securities or other investments on margin or otherwise.
    - receive demands, notices, confirmations, reports, statements of account and communications of every kind on behalf of the joint account;
    - receive money, securities and property of every kind and dispose of the same on behalf of the joint account;
    - make agreements relating to any of the foregoing matters and to terminate, modify or waive any of the provisions of this agreement on behalf of the joint account; and
    - deal with my Broker/Dealer as fully and completely as if he (she) alone were interested in this account and without notice to the other account participants.

    All obligations and liabilities arising under this account are joint and several and may be enforced by M&T Securities, Inc. against any or all account holders. M&T Securities, Inc. is authorized to follow the instructions of any joint account holder, without notice to any other account holder, in every respect and to deliver any or all monies, securities or other property to any joint account holder upon the instructions of any joint account holder, or to any other person upon such instructions, even if such delivery or payment is to that joint account holder personally and not to the other(s). M&T Securities, Inc. will be under no obligation to inquire into the purpose or propriety of such delivery or payment and is not bound to inquire into the disposition or application of such delivery or payment. This authority remains in force until written notice to the contrary is addressed to M&T Securities, Inc. and delivered to its office. M&T Securities, Inc. in their sole discretion and for their sole protection, may terminate the account upon receipt of such notice and may require the written consent of all account holders prior to acting upon the instructions of any account holder.

11. This Agreement shall cover individually and collectively all accounts which the undersigned may open or reopen with you, and shall inure to the benefit of your successors, whether by merger, consolidation or otherwise, and assigns and you may transfer the account of the undersigned to your successors and assigns, and this Agreement shall be binding upon heirs, executors, administrators, successors and assigns of the undersigned.

AWA

## Brokerage Account
## Pre-Dispute
## Arbitration Agreement

3840 3380

I AM AWARE OF THE FOLLOWING:

   (A) ARBITRATION IS FINAL AND BINDING ON THE PARTIES.
   (B) THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT,
      INCLUDING THE RIGHT TO JURY TRIAL.
   (C) PRE-ARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN AND
      DIFFERENT FROM COURT PROCEEDINGS.
   (D) THE ARBITRATORS' AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS
      OR LEGAL REASONING AND ANY PARTY'S RIGHT TO APPEAL OR TO SEEK MODIFICATION
      OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED.
   (E) THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS
      WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

I AGREE THAT ALL CONTROVERSIES THAT MAY ARISE BETWEEN US CONCERNING ANY ORDER
OR TRANSACTION, OR THE CONTINUATION, PERFORMANCE OR BREACH OF THIS OR ANY OTHER
AGREEMENT BETWEEN US, WHETHER ENTERED INTO BEFORE, ON, OR AFTER THE DATE THIS
ACCOUNT IS OPENED, SHALL BE DETERMINED BY ARBITRATION BEFORE A PANEL OF INDEPENDENT
ARBITRATORS SET UP BY EITHER THE NEW YORK STOCK EXCHANGE, INC., OR NATIONAL
ASSOCIATION OF SECURITIES DEALERS, INC., AS I MAY DESIGNATE. IF I DO NOT NOTIFY YOU
IN WRITING WITHIN FIVE (5) DAYS AFTER I RECEIVE FROM YOU A WRITTEN DEMAND FOR
ARBITRATION, THEN I AUTHORIZE YOU TO MAKE SUCH A DESIGNATION ON MY BEHALF. I
UNDERSTAND THAT JUDGMENT UPON ANY ARBITRATION AWARD MAY BE ENTERED IN ANY COURT OF
COMPETENT JURISDICTION.

NO PERSON SHALL BRING A PUTATIVE OR CERTIFIED CLASS ACTION TO ARBITRATION, NOR
SEEK TO ENFORCE ANY PRE-DISPUTE ARBITRATION AGREEMENT AGAINST ANY PERSON WHO HAS
INITIATED IN COURT A PUTATIVE CLASS ACTION; WHO IS A MEMBER OF A PUTATIVE CLASS WHO
HAS NOT OPTED OUT OF THE CLASS WITH RESPECT TO ANY CLAIMS ENCOMPASSED BY THE PUTATIVE
CLASS ACTION UNTIL:

    (I)   THE CLASS CERTIFICATION IS DENIED;

    (II)  THE CLASS IS DECERTIFIED; OR

    (III) THE CUSTOMER IS EXCLUDED FROM THE CLASS BY THE COURT.

SUCH FORBEARANCE TO ENFORCE AN AGREEMENT TO ARBITRATE SHALL NOT CONSTITUTE A WAIVER
OF ANY RIGHTS UNDER THIS AGREEMENT EXCEPT TO THE EXTENT STATED HEREIN.

# Exhibit 2

# Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:

<u>Names of the Claimants</u>
Paul Games
Alice Beatrice Games

<u>Case Number</u>: 06-04876

<u>Names of the Respondents</u>
M&T Securities, Inc.
M&T Investment Group
Paul Fantaskey
Lou Ann Hinish
   n K. Beard

<u>Hearing Site</u>: Washington, D.C.

Nature of the Dispute: Customer v. Member and Associated Person.

## REPRESENTATION OF PARTIES

For Paul Games and Alice Beatrice Games, hereinafter collectively referred to as "Claimants": Gilbert W. Boyce, Esq. and Jennifer M. Blunt, Esq., Kutak Rock LLP, Washington, D.C.

For M&T Securities, Inc. ("M&T"), Paul Fantaskey ("Fantaskey"), and John K. Beard ("Beard"):   auld E. Brydges, Harter Secrest & Emery LLP, Rochester, New York.

For M&T Investment Group: Jerrold Kopsa, CCO, M&T Investment Group, Cheektowaga, New York.

Lou Ann Hinish ("Hinish") did not appear in this matter.

## CASE INFORMATION

Statement of Claim filed on or about: November 6, 2006.
Claimants signed the Uniform Submission Agreement: November 1, 2006.
Statement of Answer filed by Respondents M&T, Fantaskey, and Beard on or about: January 19, 2007.
Respondent M&T signed the Uniform Submission Agreement: January 18, 2007.
Respondent Fantaskey signed the Uniform Submission Agreement: January 12, 2007.
Respondent Beard signed the Uniform Submission Agreement: January 12, 2007.
Respondent Hinish did not file a Statement of Answer and executed Uniform Submission Agreement.

## CASE SUMMARY

Claimants asserted the following causes of action: 1) securities fraud; 2) failure to supervise; 3) violation of the Pennsylvania Securities Act; 4) violation of the NASD Rules of Fair Practice; 5) breach

NASD Dispute Resolution
Arbitration No. 06-04876
Award    Page 2

of contract; 6) common law fraud; 7) breach of fiduciary duty; 8) negligence; and, 9) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Act. The causes of action relate to purchases of a Jefferson Pilot Deferred Annuity, a Glenbrook Life Deferred Annuity, an Allianz Equity Index Annuity, a Conseco Equity Index Annuity, and the liquidation of various mutual funds and Proctor and Gamble stock in Claimants' account.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

Claimants requested that the undersigned arbitrators (the "Panel") enter an award for: 1) actual damages; 2) rescission together with benefit of bargain damages, lost opportunity costs, and model portfolio damages; 3) prejudgment interest; 4) attorney's fees; 5) costs; 6) punitive damages; and, 7) such other relief as the Panel deemed just and proper.

Respondents M&T, Fantaskey, and Beard requested the entry of an award in their favor and against Claimants dismissing the Statement of Claim in its entirety and such other relief as the Panel deemed just and equitable.

## OTHER ISSUES CONSIDERED AND DECIDED

On or about July 12, 2007, Claimants advised NASD Dispute Resolution that they had settled their claims against Respondents M&T, Beard, and Fantaskey.

Respondent M&T Investment Group is not a member firm of NASD, did not file with NASD Dispute Resolution a properly executed Uniform Submission Agreement, and did not submit to arbitration pursuant to the NASD Code of Arbitration Procedure (the "Code").

Respondent Hinish did not appear at the evidentiary hearing. Upon review of the file and the representations made by/on behalf of the Claimants, the Panel determined that Respondent Hinish has been properly served with the Statement of Claim and received due notice of the hearing, and that arbitration of the matter would proceed without said Respondent present, in accordance with the Code.

Respondent Hinish did not file with NASD Dispute Resolution a properly executed Uniform Submission Agreement, but is required to submit to arbitration pursuant to the Code and is bound by the determination of the Panel on all issues submitted.

On or about July 12, 2007, Claimants agreed to proceed with only two arbitrators after Arbitrator Grubb withdrew from this matter.

During the evidentiary hearing, Claimants advised the Panel that they sought $259,651.07 in compensatory damages from Respondent Hinish, representing various NASD hearing-related fees, their expert fees and the sales compensation earned by Respondent Hinish on her sales of certain of

NASD Dispute Resolution
Arbitration No. 06-04876
Award    Page 3

the annuities and Claimants' contribution of additional funds to certain of the annuities. Claimants also sought $519,302.14 in punitive damages, representing two times the amount of the compensatory damages, once for each of Respondent Hinish's two instances of selling away.

The parties have agreed that the Award in this matter may be entered in counterpart copies or that a signed handwritten Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions (if any), the Panel has decided in full and final resolution of the issues submitted for determination as follows:

At the hearing it was established that Respondent Hinish failed to respond to the Statement of Claim that was served on her by NASD Dispute Resolution. She also failed to respond after she was sent a follow up letter indicating that the matter would proceed against her, irrespective of her participation. The Panel concluded there were sufficient attempts to serve Respondent Hinish, that she had been given sufficient notice, and that there was proper jurisdiction over her.

Claimants' exhibits 1 through 78 were offered into evidence and admitted. Mr. Boyce spent several hours going over the exhibits, and pointing out to the Panel what he felt were the more salient elements of the exhibits. The evidence presented established that: (a) At Respondent Hinish's recommendation, Claimants placed virtually all of their investment assets into one type of product, deferred annuities, and sold well-performing mutual funds and Proctor & Gamble stock holdings in order to do so; (b) In view of Claimants' respective ages and health conditions, the concentration of their investment assets into annuities with maturities in excess of 10 years was unsuitable; (c) In recommending that Claimants place virtually all of their investment assets into the above-mentioned deferred annuities, Respondent Hinish acted out of self interest, i.e., she wanted to generate as much commission income as she could and she needed to pay off an outstanding debt to Allianz, the issuer of one of the annuities; and, (d) Respondent Hinish "sold away" the Allianz and Conseco annuities.

The Panel hereby awards Claimants $250,000.00 in compensatory damages against Respondent Hinish.

Any and all claims for relief not specifically addressed herein, including Claimants' request for punitive damages, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
Initial claim filing fee                                  = $  250.00

NASD Dispute Resolution
Arbitration No. 06-04876
<u>Award    Page 4</u>

**<u>Member Fees</u>**
Member fees are assessed to each member firm that is a party in these proceedings or to the
member firm that employed the associated person at the time of the events giving rise to the dispute.
Respondent M&T is a party to this dispute and a member of NASD. Accordingly, the following fees
were assessed:

| | |
|---|---|
| Member surcharge | = $1,500.00 |
| Pre-hearing process fee | = $  750.00 |
| <u>Hearing process fee</u> | <u>= $2,200.00</u> |
| Total Member Fees | = $4,450.00 |

**<u>Adjournment Fees</u>**
Adjournments granted during these proceedings for which fees were assessed:

No adjournment fees were incurred in this proceeding.

**<u>Three-Day Cancellation Fees</u>**
 ees apply when a hearing on the merits is postponed or settled within three business days before
the start of a scheduled hearing session:

No cancellation fees were incurred in this proceeding.

**<u>Injunctive Relief Fees</u>**
Injunctive relief fees are assessed to each member or associated person who files for a temporary
injunction in court. Parties in these cases are also assessed arbitrator travel expenses and costs
when an arbitrator is required to travel outside his or her hearing location and additional arbitrator
honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge,
are assessed equally against each party unless otherwise directed by the Panel.

No injunctive relief fees were incurred in this proceeding.

**<u>Forum Fees and Assessments</u>**
The Panel has assessed forum fees for each session conducted. A session is any meeting between
the parties and the arbitrators, including a pre-hearing conference with the arbitrators which lasts four
(4) hours or less. Fees associated with these proceedings are:

One (1) Decision on discovery-related motions on the papers
with one (1) arbitrator @ $200.00/decision
Claimants submitted one (1) discovery-related motion                    = $  200.00

One (1) Decision on a contested motion for the issuance of a subpoena
with one (1) arbitrator @ $200.00/decision                             = $  200.00

One (1) Pre-hearing session with a single arbitrator @ $450.00/session    = $  450.00
Pre-hearing conference:    June 14, 2007        1 session

NASD Dispute Resolution
Arbitration No. 06-04876
Award    Page 5

| | | | |
|---|---|---|---|
| One (1) Pre-hearing session with the Panel @ $1,000.00 /session | | | = $1,000.00 |
| Pre-hearing conference:    April 2, 2007 | | 1 session | |
| | | | |
| One (1) Hearing session with the Panel @ $1,000.00/session | | | = $1,000.00 |
| Hearing Date:    July 17, 2007 | | 1 session | |

Total Forum Fees                                                    = $2,850.00

The Panel has assessed the total forum fees of $2,850.00 to Respondent Hinish.

### Administrative Costs

Administrative costs are expenses incurred due to a request by a party for special services beyond normal administrative services. These include, but not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

No administrative costs were incurred in this proceeding.

### Fee Summary

Claimants are jointly and severally liable for:

| | |
|---|---|
| Initial Filing Fee | = $  250.00 |
| Total Fees | = $  250.00 |
| Less payments | = $  250.00 |
| Balance Due NASD Dispute Resolution | = $    0.00 |

Respondent M&T is solely liable for:

| | |
|---|---|
| Member Fees | = $4,450.00 |
| Total Fees | = $4,450.00 |
| Less payments | = $4,450.00 |
| Balance Due NASD Dispute Resolution | = $    0.00 |

Respondent Hinish is solely liable for:

| | |
|---|---|
| Forum Fees | = $2,850.00 |
| Total Fees | = $2,850.00 |
| Less payments | = $    0.00 |
| Balance Due NASD Dispute Resolution | = $2,850.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

### ARBITRATION PANEL

| | | |
|---|---|---|
| Edward Houry, Esq. | - | Public Arbitrator, Presiding Chairperson |
| da W. Draim, Esq. | - | Non-Public Arbitrator |

NASD Dispute Resolution
Arbitration No. 06-04876
<u>Award    Page 6</u>

## <u>Concurring Arbitrators' Signatures</u>

_____ /s/ _____
Edward Houry, Esq.                                    Signature Date
Public Arbitrator, Presiding Chairperson

_____ /s/ _____
Ida W. Draim, Esq.                                    Signature Date
Non-Public Arbitrator

<u>July 25, 2007</u> _____
Date of Service (For NASD Dispute Resolution office use only)

NASD Dispute Resolution
Arbitration No. 06-04876
Award    Page 6

**Concurring Arbitrators' Signatures**

Edward Houry, Esq.
Public Arbitrator, Presiding Chairperson

July 25, 2007
Signature Date


Ida W. Draim, Esq.
Non-Public Arbitrator

Signature Date


Date of Service (For NASD Dispute Resolution office use only)

NASD Dispute Resolution
Arbitration No. 06-04876
Award    Page 6

## Concurring Arbitrators' Signatures

_____
Edward Houry, Esq.
Public Arbitrator, Presiding Chairperson

_____
Signature Date

*[signature]*
Ida W. Draim, Esq.
Non-Public Arbitrator

*July 25 '07*
Signature Date

_____
Date of Service (For NASD Dispute Resolution office use only)

44
~.1/05 DC)

**CIVIL COVER SHEET**

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| aul and Beatrice Games<br>/c Michelle Young<br>07 Cedar Lane<br>ockville, Maryland 20851 | Lou Ann Hinish<br>2695 Covalt Road<br>Big Cove Tannery, Pennsylvania 17212 |

b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___ 88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ilbert W. Boyce
UTAK ROCK LLP
101 Connecticut Avenue, N.W.
uite 1000
/ashington, D.C. 20036
02-828-2400

ATTORNEYS (IF KNOWN)

Unknown

**I. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

◯ 1 U.S. Government Plaintiff
◯ 2 U.S. Government Defendant
◯ 3 Federal Question (U.S. Government Not a Party)
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◯ 1 | ◯ 1 | Incorporated or Principal Place of Business in This State | ◯ 4 | ◯ 4 |
| Citizen of Another State | ◉ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ◯ 5 | ◯ 5 |
| Citizen or Subject of a Foreign Country | ◯ 3 | ◯ 3 | Foreign Nation | ◯ 6 | ◯ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

◯ **A. Antitrust**

☐ 410 Antitrust

◯ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◯ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

◯ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

◯ **E. General Civil (Other)** OR ◯ **F. Pro Se General Civil**

al Property
☐210 Land Condemnation
☐220 Foreclosure
☐230 Rent, Lease & Ejectment
☐240 Torts to Land
☐245 Tort Product Liability
☐290 All Other Real Property

rsonal Property
☐370 Other Fraud
☐371 Truth in Lending
☐380 Other Personal Property Damage
☐385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| | | | |
|---|---|---|---|
| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| | | | |
|---|---|---|---|
| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☒ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**ORIGIN**
◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
U.S.C § 9. This is a cause of action under the Federal Arbitration Act, 9 U.S.C § 9, to confirm an arbitration award as a judgment entered by the Court.

**REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** 250,000.  Check YES only if demanded in complaint    **JURY DEMAND:** YES ☐  NO ☒

**RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☐ If yes, please complete related case form.

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.